**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio LOPEZ–VALLE,
Defendant–Appellant.**

**No. 12–50253.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2013.*

Filed March 8, 2013.

Bruce R. Castetter, Assistant U.S. Attorney, Ignacio Perez de la Cruz, Special Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joseph Camden, Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

*See* Fed. R.App. P. 34(a)(2).

Before: THOMAS and HURWITZ, Circuit Judges, and BEISTLINE, Chief District Judge.**

MEMORANDUM ***

Antonio Lopez–Valle appeals his conviction of attempted entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Lopez argues that the district court erred in denying his motion to dismiss the indictment, which collaterally attacked the deportation order. "To succeed in such a challenge ... an alien must demonstrate that: '(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.' " *United States v. Reyes–Bonilla,* 671 F.3d 1036, 1042–43 (9th Cir. 2012) (quoting 8 U.S.C. § 1326(d)).

Even assuming arguendo that Lopez could satisfy the first two requirements, he cannot meet the third. To show fundamental unfairness, Lopez must establish prejudice. *United States v. Bustos–Ochoa,* 704 F.3d 1053, 1056–57 (9th Cir.2012). Because he has been convicted of an aggra-

** The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vated felony he cannot do so. *Id.* at 1056–57.

**AFFIRMED.**